## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| THE BURLINGTON INSURANCE CO., | : |
| Plaintiff, | : Case No.: 3:18 CV 1300 |
| vs. | : Judge |
| LITHIUM INNOVATIONS COMPANY, LLC<br>c/o Ford B. Cauffiel, Statutory Agent<br>3171 N. Republic Blvd.<br>Toledo, OH 43615 | : |
| and | : |
| FORD B. CAUFFIEL,<br>9148 Rolling Hill Road<br>Holland, OH 43528 | : |
| Defendants. | : |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, The Burlington Insurance Company ("TBIC"), for its Complaint against Defendants Lithium Innovations Company, LLC ("LIC") and Ford B. Cauffiel ("Cauffiel") (collectively "Defendants"), alleges as follows:

### NATURE OF ACTION

1. This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. TBIC issued to LIC Commercial General Liability Policy No. HGL0043404, effective 5/5/2016 to 5/5/2017 (the "Policy"). TBIC seeks a declaration that it has no duty to defend or indemnify Defendants under the Policy with respect to the Underlying Lawsuit, identified in this Complaint, which alleges various pollution-related claims against Defendants that are excluded under the Policy.

## PARTIES

2. Plaintiff TBIC is an insurance company organized and existing under the laws of the State of Illinois, with its principal place of business in Burlington, North Carolina.

3. Lithium Innovations Company, LLC is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business in Toledo, Ohio.

4. Defendant Ford B. Cauffiel is a citizen of the state of Ohio who resides in Holland, Ohio. Upon information and belief, Cauffiel is LIC's only member.

## JURISDICTION AND VENUE

5. This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

6. An actual justiciable controversy exists between TBIC and Defendants within the meaning of 28 U.S.C. § 2201 regarding whether TBIC has a duty to defend and indemnify Defendants under the Policy, as more particularly described below.

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and the Defendants reside in this judicial district.

## UNDERLYING LAWSUIT

9. This action addresses liability insurance coverage for a class-action lawsuit brought against Defendants by Underlying Plaintiffs Kaye and Golwin Williams, Individually and as Class Representatives on Behalf of All Others Similarly Situated, and numerous other

individuals residing in Toledo, Ohio ("Underlying Plaintiffs").  This lawsuit is referred to herein as the "Underlying Lawsuit."

10. The Underlying Plaintiffs filed a class-action complaint against Defendants and various other entities in the Underlying Lawsuit ("Underlying Complaint").  The Underlying Complaint was filed on March 1, 2018 in the Lucas County Court of Common Pleas, Case No. G-4801-CI-0201801639-000, and was entitled, *Kaye and Golwin Williams, et al. v. Lithium Innovations Company, LLC, et al*.

11. The Underlying Complaint was filed as a class action on behalf of neighboring property owners alleging various bodily injuries and property damage caused by a chemical fire that occurred on or about March 2, 2017 (the "Loss") at a factory/warehouse located at 1301-1311 Campbell Street, Toledo, Ohio, 43615 (the "Property").

12. The Underlying Complaint contains allegations that on March 2, 2017, LIC "was engaged in the processing of Lithium-6 and Lithium-7 for thin film deposition and/or the manufacture of lithium productions" at the Property.

13. The Underlying Complaint also contains allegations that the Property was being used by LIC "to process, finish, handle and/or store lithium, a hazardous alkali metal that is capable of combustion and explosion."

14. The Underlying Plaintiffs allege that the "production, processing, finishing, handling and/or storage of lithium is a dangerous and ultrahazardous activity as it is capable of combustion or explosion and must be handled with care.  These well-known hazards of combustion and explosion are further exacerbated by the fact that a lithium fire is particularly reactive with water, cannot be extinguished by normal methods, and will result in toxic chemical fumes."

15. The Underlying Plaintiffs allege that on March 2, 2017, LIC failed to contain its lithium, resulting in combustion that was not able to be extinguished or contained, and, as a result, the fire spread throughout the Property and emitted chemical fumes, smoke and/or soot into the adjoining neighborhood.

16. The Underlying Plaintiffs allegedly sustained both bodily injuries and property damage as a result of the "chemical fumes, smoke, and/or the smell of smoke in their homes, as well as soot or other substances on the outside and inside of their homes."

17. Specifically, the Underlying Plaintiffs allege that "[a]s a result of the chemical fire, hundreds of residents of the adjacent neighborhood suffered damages, including, but not limited to, property and other economic damages, interference with the use and enjoyment of their property, interference with their right to peace and comfort, destruction or diminution of property value, evacuation expenses, annoyance and discomfort damages, nuisance, physical exposure, personal injury and physical harm, physical discomfort, medical expenses, mental and/or emotional distress, fear of property damage, fear of loss of use or enjoyment of property, fear of physical harm to themselves, their spouses and children, and other damages."

18. The Underlying Complaint contains the following seven causes of action against the Defendants: negligence or *res ipsa loquitor*, strict liability for abnormally dangerous activities, negligent infliction of mental and emotional distress and injury, nuisance, battery, trespass, and intentional infliction of emotional distress.

19. The Underlying Plaintiffs seek compensatory damages for alleged bodily injuries and property damage, punitive damages, costs for future medical monitoring, court costs, interest, and attorney fees.

## THE CLAIMS CORRESPONDENCE

20. After the Underlying Lawsuit was filed, Defendants tendered their coverage claim to TBIC and requested that TBIC defend the Defendants in the Underlying Lawsuit.

21. On or about March 23, 2018, TBIC sent a reservation of rights letter to the Defendants stating that TBIC will provide a defense to LIC until such time that TBIC's investigation of the facts and circumstances is complete and the coverage issues arising from the Underlying Lawsuit are resolved.

22. In the March 23, 2018 letter, TBIC informed the Defendants that its agreement to defend LIC is expressly subject to certain reservations of right and that TBIC's undertaking should not be construed as a waiver of TBIC rights and defenses, including TBIC's rights and defenses under the Policy.

23. Since Cauffiel, in his capacity as a principal of LIC, was named as a defendant in the Underlying Lawsuit, TBIC agreed to defend Cauffiel in the Underlying Lawsuit, subject to TBIC's reservation of rights.

24. TBIC has now completed its review of the facts and circumstances with respect to the Underlying Lawsuit and determined that TBIC has no duty to defend or indemnify LIC or Cauffiel, in his capacity as a principal of LIC, in the Underlying Lawsuit.

25. TBIC has now denied coverage for Defendants' claim because there is no coverage under the Policy for the claims asserted and damages sought against LIC and Ford B. Cauffiel, in his capacity as a principal of LIC, in the Underlying Lawsuit.

## THE POLICY

26. TBIC issued to LIC Commercial General Liability Policy No. HGL0043404, effective 5/5/2016 to 5/5/2017. A certified copy of the Policy is attached hereto as Exhibit A.

5

27. The Policy was written on Commercial General Liability Coverage Form CG 00 01 12 07.

28. As specified in the Policy, and as set out in detail below, the coverage provided is limited and is subject to certain definitions, insuring agreements, policy limits, and exclusions.

29. The Policy provides, in relevant part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

\*\*\*

**COVERAGE C MEDICAL PAYMENTS**

1. **Insuring Agreement**

   a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

      **(1)** On premises you own or rent;

      **(2)** On ways next to premises you own or rent; or

      **(3)** Because of your operations; provided that

         **(a)** The accident takes places in the "coverage territory" and during the policy period;

         **(b)** The expenses are incurred and reported to us within one year of the date of the accident; and

  **(c)**  The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

30. The Policy contains the following exclusion applicable to the "Coverage C Medical Payments" coverage in the Commercial General Liability Coverage Form:

> **2.** **Exclusions**
>
> We will not pay expenses for "bodily injury":
>
> **g.** **Coverage A Exclusions**
>
> Excluded under Coverage **A**.

31. The Policy contains the following definitions relevant to the "Coverage A Bodily Injury and Property Damage Liability" and the "Coverage C Medical Payments" coverages in the Commercial General Liability Coverage Form:

> \*\*\*
>
> **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> \*\*\*
>
> **15.** "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals, and waste. Waste includes materials to be recycled, reconditioned or reclaimed.
>
> \*\*\*
>
> **17.** "Property damage" means:
>
> > **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      **b.**      Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\*\*\*

**18.**      "Suit" means a civil proceeding in which damages because of "bodily injury" , "property damage" or "personal and advertising injury" to which this insurance applies are alleged.

32.      The Policy also contains an Endorsement entitled, "Total Pollution Exclusion Endorsement," written on Form CG 21 49 09 99, which provides, in pertinent part, as follows:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**TOTAL POLLUTION EXCLUSION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART

    Exclusion **f.** under Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** is replaced by the following:

    This insurance does not apply to:

    **f.**      **Pollution**

          **(1)**      "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

          **(2)**      Any loss, cost or expense arising out of any:

                **(a)**      Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"

33.      The Policy contains an Endorsement entitled, "Exclusion – Punitive Damages," ("Punitive Damages Exclusion Endorsement") which provides, in relevant part, as follows:

8

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION – PUNITIVE DAMAGES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

- **A.** Paragraph **B.** of this endorsement is added to the **Exclusions** under all Coverage Forms and endorsements that form a part of this policy.

- **B.** This insurance does not apply to:

  **Punitive Damages**

  Any claim of or indemnification for punitive or exemplary damages.  If a "suit" seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide defense for such action.  We will not have any obligation to pay for any fees, including but not limited to attorney fees, costs, interest, or damages attributable to punitive or exemplary damages.

## COUNT 1

## DECLARATORY JUDGMENT

34. TBIC hereby incorporates and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

35. There exists a genuine and bona fide dispute, and an actual controversy and disagreement between TBIC and Defendants with regard to whether TBIC has a duty to defend or indemnify Defendants with respect to the Underlying Lawsuit.

36. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, TBIC in good faith requests that the Court declare the following:

   a. That TBIC has no duty to defend or indemnify Defendants under the Policy's "Bodily Injury and Property Damage Liability" coverage because the claims in the Underlying Lawsuit seek damages for bodily injury or property damage to which the Policy does not apply.

b. That TBIC has no duty to defend or indemnify Defendants under the Policy's "Bodily Injury and Property Damage Liability" coverage because the claims and damages sought in the Underlying Complaint are excluded by the Total Pollution Exclusion Endorsement.

c. That TBIC has no duty to defend or indemnify Defendants under the Policy's "Medical Payments" coverage because the alleged bodily injuries for which the Underlying Plaintiffs seek to recover are excluded by the Total Pollution Exclusion Endorsement and, therefore, any medical expenses incurred as a result of those bodily injuries are excluded under the Coverage A Exclusion.

d. That TBIC has no duty to indemnify Defendants for any punitive or exemplary damages, including attorney fees, costs, interest, or other damages attributable to punitive or exemplary damages, because such damages are excluded by the Punitive Damages Exclusion Endorsement and are otherwise not subject to coverage under applicable law.

e. That TBIC has no duty to defend or indemnify Defendants under any other provision in the Policy.

f. That TBIC may immediately withdraw its defense of Defendants in the Underlying Lawsuit.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, The Burlington Insurance Company, prays as follows:

(1) For a declaration that TBIC has no duty to defend or indemnify Defendants Lithium Innovations Company, LLC and Ford B. Cauffiel under the Policy with respect to the Underlying Lawsuit; and

(2) For such other and further relief this Court may deem just and proper.

Respectfully submitted,

*/s/ Gregory A. Harrison*

Gregory A. Harrison (0029814)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Tel: (513) 977-8200
Fax: (513) 977-8141
Email: greg.harrison@dinsmore.com

Trial Attorney for Plaintiff
 The Burlington Insurance Company

12944395v1

11